## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY HOWE,** | : | |
| **Plaintiff** | : | |
| v. | : | CIVIL ACTION NO. 1:16-0102 |
| **THE PENNSYLVANIA STATE UNIVERSITY - HARRISBURG, CHANCELLOR MULKUND KULKARNI, THOMAS STROHM, KARL MARTZ, and DONALD HOLTZMAN,** | : : : | (JUDGE MANNION) |
| **Defendants** | : : | |

## **MEMORANDUM**

Pending before the court is the report of United States Magistrate Judge Susan E. Schwab, which recommends that the instant action be dismissed pursuant to the provisions of Fed.R.Civ.P. 41(b). (Doc. 43). No objections to the report have been filed.

As set forth in Judge Schwab's report, the plaintiff filed the instant action on January 19, 2016, in which he challenges disciplinary action taken against him by officials at the Pennsylvania State University, ("Penn State"), Harrisburg Campus. (Doc. 1). With his complaint, the plaintiff filed a motion to proceed *in forma pauperis*. (Doc. 2).

On the following day, the plaintiff filed a motion for emergency injunctive relief, ("TRO/PI"), (Doc. 5), along with a supporting brief, (Doc. 6), in which he sought to have this court "[halt] the imposition of the . . . suspension". The

plaintiff filed an "additional" brief on January 21, 2016. (Doc. 8). By order dated January 21, 2016, the court granted the plaintiff permission to proceed *in forma pauperis* and set a hearing on the plaintiff's motion for TRO/PI for January 25, 2016. (Doc. 10). By memorandum and order dated February 2, 2016, the undersigned denied the plaintiff's motion for TRO/PI. (Doc. 30, Doc. 31).[1]

In the meantime, on January 26, 2016, the plaintiff filed a motion to compel discovery. (Doc. 22). On February 2, 2016, the matter was referred to Judge Schwab for consideration of all pre-trial matters.

On February 4, 2016, the plaintiff appealed the denial of his motion for TRO/PI to the United States Court of Appeals for the Third Circuit. (Doc. 33). The plaintiff's appeal was dismissed on March 29, 2016 for the plaintiff's failure to timely prosecute. (Doc. 42).

On February 8, 2016, the defendants filed a brief in opposition to the plaintiff's motion to compel discovery, (Doc. 36), followed by a motion to dismiss the plaintiff's complaint on February 11, 2016, (Doc. 37). Prematurely, the plaintiff filed a brief in opposition to the defendants' motion to dismiss. (Doc. 38). A timely brief in support of the motion to dismiss was filed by the

---

[1]On January 26, 2016, the plaintiff filed a second motion for TRO/PI, (Doc. 21), followed by an "expedited" motion for a TRO/PI, (Doc. 25), on January 28, 2016. The undersigned construed these filings collectively as a motion for reconsideration, which was denied. (Doc. 32).

defendants on February 25, 2016. (Doc. 39).

In anticipation of a case management conference scheduled for March 15, 2016, for which a joint case management plan was to be filed, on March 8, 2016, the defendants filed their own case management plan. (Doc. 40). In the plan, the defendants indicated that "Defendants supplied Plaintiff with their proposed entries and made multiple attempts to confer with Plaintiff. To date, Plaintiff has not responded to those attempts. Consequently, Defendants are filing their portion of the Joint Case Management Plan without Plaintiff's input." (Id.).

In the order scheduling the case management conference, the court directed that counsel for the defendants was to initiate the conference call, ensuring that all parties were on the telephone line before contacting the court. The defendants' counsel contacted the court on the date and at the time scheduled for the conference. Counsel stated, however, that he was unable to get the plaintiff on the line. Given this, Judge Schwab's courtroom deputy also attempted to contact the plaintiff, but was unable to do so. A voicemail was left for the plaintiff to contact the court for the conference. After waiting for a period of time with no response, defense counsel was contacted and informed that the conference would not be held and an order would issue. The plaintiff never contacted the court.

By order dated March 17, 2016, the plaintiff was directed to show

cause, on or before March 31, 2016, why the instant action should not be dismissed, or other sanctions imposed, due to his failure to participate in the preparation of the joint case management plan and his failure to participate in the telephonic case management conference. (Doc. 41). The plaintiff did not respond to the show cause order. Given the plaintiff's failure to do so, Judge Schwab concluded that the plaintiff has abandoned the instant action and therefore recommends that the action be dismissed. As indicated above, no objections have been filed to the report.

Where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In her report, Judge Schwab has reviewed the necessary Poulis factors, which the court must consider in deciding whether dismissal of an action is an appropriate sanction. See Poulis v. State Farm Fire and Cas. Co., 747 F.2d

863 (3d Cir. 1984). In doing so, Judge Schwab has determined that the <u>Poulis</u> factors weigh in favor of dismissing the instant action. The court has reviewed Judge Schwab's assessment of the <u>Poulis</u> factors and agrees with the sound reasoning which led Judge Schwab to the conclusions in her report. Moreover, the court finds no clear error on the face of the record. As such, the court will adopt the recommendation of Judge Schwab in its entirety. An appropriate order shall issue.

s/ *Malachy E. Mannion*<br>
**MALACHY E. MANNION**<br>
**United States District Judge**

**Dated: May 31, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0102-02.wpd